12-1103-cv
Butler v. Kibel et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand thirteen.

Present:
　　　　JOHN M. WALKER, JR.,
　　　　ROBERT A. KATZMANN,
　　　　　　　*Circuit Judges*,
　　　　LORETTA A. PRESKA,
　　　　　　　*District Judge.*[*]

---

DUCHAUN BUTLER,
　　　*Plaintiff-Appellant*,

　　　　　　v.　　　　　　　　　　No. 12-1103-cv

HUMBERTO KIBEL, Police Officer of PSA-3,
LAYTON, SGT. of PSA-3, MICHAEL NOCERINO,
Police Officer of PSA-3,
　　　*Defendants -Appellees*,

NEW YORK CITY, UNIDENTIFIED POLICE
OFFICERS,
　　　*Defendants*.

---

[*] The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:        Fred Lichtmacher, The Law Office of Fred Lichtmacher P.C.,
                                New York, NY

For Defendants-Appellees:       Kristin M. Helmers, Deborah A. Brenner, Assistant
                                Corporation Counsel, *for* Michael A. Cardozo, Corporation
                                Counsel of the City of New York, New York, NY


Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Duchuan Butler appeals from a February 28, 2012 final judgment of the United States District Court for the Southern District of New York (Patterson, *J.*), entered after the jury returned a verdict for the Defendants-Appellees on Butler's claims of excessive force. On appeal, Butler contends that he was denied his Sixth Amendment right to fair trial because the transcripts sent to the jury during deliberations included sidebars during which the district court criticized plaintiff's counsel. He further argues that he was deprived of his right to a fair trial because the district court improperly questioned witnesses and ruled against plaintiff on evidentiary issues in a way that showed the jury that he was biased against the plaintiff. We presume the parties' familiarity with the facts and procedural history of this case.

We review the district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010), *cert. denied*, 130 S. Ct. 2394 (2010). Likewise, we review a claim that the trial judge mishandled alleged jury taint for abuse of discretion. *United States v. Weiss*, 752 F.2d 777, 783 (2d Cir. 1985).

We find no abuse of discretion in the district court's denial of Butler's motion for a mistrial or in its handling of the potential for jury taint. First, the district court's comments were

2

a fairly innocuous criticism of plaintiff's counsel, suggesting that he was attempting to delay the trial in order to obtain a mistrial or to extend the trial long enough for a missing witness to appear. The district court also criticized defense counsel in this same colloquy. These comments "reflected not upon the merits of the case but rather on the way it was being handled," and did not prejudice the plaintiff as to deny him a fair trial. *United States v. DiTommaso*, 817 F.2d 201, 220 (2d Cir. 1987); *see also Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 436 (2d Cir. 1993) ("Although there were several instances in which the judge appears to have ignored our admonitions to display patience with counsel, these incidents were infrequent and minor and did not result in prejudice to Zinman." (footnote omitted)). Second, the district court took appropriate steps to cure any possible taint. He directed the jury to disregard the transcripts and polled the jury to ensure that they followed his instruction. *See Zafiro v. United States*, 506 U.S. 534, 540-41 (1993) (holding that jurors are presumed to follow instructions absent some indication that they have not done so). Accordingly, this claim fails.

Butler's claim that the district court displayed bias against him is also without merit. The district court's single question—asking one of the defendant officers whether the "arrest [was] effected in a more violent way than an usual arrest"—did not "step across the line" from "actively participat[ing] and . . . question[ing] witnesses[] as an aid to the jury" to "becom[ing] an advocate for one side." *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996). Likewise, the district court's evidentiary rulings on routine objections such as relevance, leading, and the scope of cross-examination did not display evident partiality to one side by the district court.

3

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK